MICHELE BECKWITH
Acting United States Attorney
JEFFREY A. SPIVAK
BRITTANY GUNTER
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>            v.<br><br>ROY RICHARD TRUITT III, AND AMBER LOUISE LOWE,<br><br>                      Defendants. | CASE NO. 1:23-CR-000131-NODJ-BAM<br><br>JOINT STATUS REPORT AND STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER<br><br>DATE: March 12, 2025<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

**STIPULATION**

1. This case set for status conference on March 12, 2025. As set forth below, the parties now move, by stipulation, to continue the status conference to June 11, 2025, and to exclude the time period between March 12, 2025 and June 11, 2025 under the Speedy Trial Act. While the parties originally anticipated being in a position to set trial on January 22, 2025, and again on March 12, 2025, the parties believe good case exists for an additional continuance because the defense has recently requested additional forensic analysis from the government which the government needs additional time to provide.

2. If the Court believes that setting a trial date is required, the parties have met and conferred, and would request a trial date in March 2026.

STIPULATION; ORDER                                                  1

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

3. By previous order, this matter was set for status conference on March 12, 2025. By this stipulation, defendants now move to continue the status conference until June 11, 2025, and to exclude time between March 12, 2025, and June 11, 2025, under Local Code T4.

4. The parties agree and stipulate, and request that the Court find the following:

  a) On April 16, 2024, the Court granted Defendant Lowe's request for new counsel. On April 17, 2024, new counsel made her appearance in the case.

  b) The discovery associated with this case includes numerous investigative reports, substantial volumes of computer forensics evidence, and audio/video evidence. All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

  c) In December 2024, Counsel for Defendant Lowe conducted an evidence review in the case and raised certain issues about the evidence that need further investigation by the parties.

  d) On February 27, 2025, Counsel for the United States and Counsel for defendants, together with investigators, met in person in Bakersfield for a further onsite evidence review. Counsel for defendants requested additional forensic analysis/discovery relating to certain of evidence in this case. The United States needs roughly two to three weeks to gather that information and conduct that analysis. The parties believe that such additional analysis/discovery may result in resolution of the case.

  e) Counsel for defendants also desire additional time to consult with their clients, review the charges, conduct investigation and research, review discovery and discuss potential resolution of the case.

  f) Given the nature of the case, both defendants are charged with offenses that carry substantial mandatory minimum sentences and both defendants face very high estimated Guidelines ranges. Counsel for defendants believes that failure to grant the above-requested

continuance would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

g) The government does not object to the continuance.

h) If the Court believes that setting a trial date is required, the parties have met and conferred, and would request a trial date in March 2026.

i) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

j) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 12, 2025 to June 11, 2025, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

5. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated: March 4, 2025                          MICHELE BECKWITH
                                              Acting United States Attorney

                                              /s/ JEFFREY A. SPIVAK
                                              JEFFREY A. SPIVAK
                                              Assistant United States Attorney

Dated: March 4, 2025                          /s/ David Torres
                                              David Torres
                                              Counsel for Defendant
                                              Roy Richard Truitt III

STIPULATION; ORDER                            3

Dated: March 4, 2025

/s/ Galatea DeLapp
Galatea DeLapp
Counsel for Defendant
Amber Louise Lowe

## ORDER

The request for a continuance is denied. The March 12, 2025 status conference remains as previously set. The parties shall be prepared to pick a trial date. Alternatively, the parties may stipulated to a trial date with an appropriate exclusion of time.

IT IS SO ORDERED.

Dated: **March 5, 2025**            /s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE