MICHELE BECKWITH
Acting United States Attorney
JEFFREY A. SPIVAK
BRITTANY GUNTER
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>  v.<br><br>ROY RICHARD TRUITT III, AND<br>AMBER LOUISE LOWE,<br><br>     Defendants. | CASE NO. 1:23-CR-000131-NODJ-BAM<br><br>JOINT STATUS REPORT AND STIPULATION REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; AND ORDER<br><br>DATE: March 12, 2025<br>TIME: 1:00 p.m.<br>COURT: Hon. Barbara A. McAuliffe |

**STIPULATION**

1. This case set for status conference on March 12, 2025. As set forth below, the parties now move, by stipulation, to set the matter for jury trial on March 3, 2026 at 8:30 am, and to exclude the time period between March 12, 2025 and March 3, 2026 under the Speedy Trial Act. The parties estimate the trial will take roughly 3-5 days. The parties further request that the March 12, 2025 status hearing in this matter be vacated.

**STIPULATION**

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

2. By previous order, this matter was set for status conference on March 12, 2025. By this stipulation, defendants now move to set the matter for jury trial on March 3, 2026, and to exclude time

STIPULATION; ORDER             1

between March 12, 2025, and March 3, 2026, under Local Code T4.  The parties further request that the March 12, 2025 status hearing in this matter be vacated.

3.    The parties agree and stipulate, and request that the Court find the following:

a)    On April 16, 2024, the Court granted Defendant Lowe's request for new counsel. On April 17, 2024, new counsel made her appearance in the case.

b)    The discovery associated with this case includes numerous investigative reports, substantial volumes of computer forensics evidence, and audio/video evidence.  All of this discovery has been either produced directly to counsel and/or made available for inspection and copying.

c)    In December 2024, Counsel for Defendant Lowe conducted an evidence review in the case and raised certain issues about the evidence that need further investigation by the parties.

d)    On February 27, 2025, Counsel for the United States and Counsel for defendants, together with investigators, met in person in Bakersfield for a further onsite evidence review. Counsel for defendants requested additional forensic analysis/discovery relating to certain of evidence in this case.  The United States needs additional time to gather that information and conduct that analysis.

e)    Counsel for defendants also desire additional time to consult with their clients, review the charges, conduct investigation and research, review discovery and discuss potential resolution of the case.

f)    Given the nature of the case, both defendants are charged with offenses that carry substantial mandatory minimum sentences and both defendants face very high estimated Guidelines ranges.  Counsel for defendants believes that setting trial earlier would deny him/her the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.  Counsel for Defendant Truitt has numerous other trials set between now and March 2026, including five homicide trials.

g)    Based on the above-stated findings, the ends of justice served by setting the case as requested outweigh the interest of the public and the defendant in a trial within the original

date prescribed by the Speedy Trial Act.

h)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of March 12, 2025 to March 3, 2026, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4.    Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  March 5, 2025                        MICHELE BECKWITH
                                            Acting United States Attorney


                                            /s/ JEFFREY A. SPIVAK
                                            JEFFREY A. SPIVAK
                                            Assistant United States Attorney

Dated:  March 5, 2025                        /s/ David Torres
                                            David Torres
                                            Counsel for Defendant
                                            Roy Richard Truitt III


Dated:  March 5, 2025                        /s/ Galatea DeLapp
                                            Galatea DeLapp
                                            Counsel for Defendant
                                            Amber Louise Lowe

**ORDER**

IT IS SO ORDERED that the status conference set for March 12, 2025, is vacated. A jury trial is set for **March 3, 2026, at 8:30 a.m. in Courtroom 5 before the District Court Judge**. Estimated time of trial is **3-5 days**. A trial confirmation is set for **February 17, 2026, at 8:30 a.m. in Courtroom 5 before the District Court Judge**.  In addition, the Court sets a status conference for **October 8, 2025 at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe**. Time is excluded through trial pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(iv).

IT IS SO ORDERED.

Dated:   **March 6, 2025**                        /s/ Barbara A. McAuliffe
                                                    UNITED STATES MAGISTRATE JUDGE