**TORRES|TORRES STALLINGS**
**A LAW CORPORATION**
David A. Torres, SBN135059
1318 K. Street
Bakersfield, CA 93301
Tel: (661)326-0857
Email: dtorres@lawtorres.com

Attorney for:
ROY RICHARD TRUITT

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>ROY RICHARD TRUITT,<br>Defendants. | Case No. 1:23-CR-00131-1-DAD<br><br>**DEFENDANT ROY RICHARD TRUITT'S SENTENCING MEMORANDUM**<br><br>Date: November 16, 2026<br>Time: 10:00 a.m.<br>Honorable: DALE A. DROZD |

## I. INTRODUCTION AND REQUESTED SENTENCE

Roy Richard Truitt, III accepts full responsibility for his criminal conduct. Mr. Truitt respectfully asks the Court to impose the lowest lawful sentence, an aggregate term of 420 months, consisting of 300 months on Count 1 and the mandatory consecutive term of 120 months on Count 5.

A 35-year sentence is extraordinarily severe. This sentence will consume most of Mr. Truitt's remaining life, provide just punishment and substantial deterrence, protect the public, and permit meaningful treatment in a structured setting. When combined with lifetime supervised release, stringent special conditions, sex-offender registration requirements, and restitution, that sentence is sufficient but not greater than necessary under 18 U.S.C. § 3553(a).

Mr. Truitt does not minimize the offense or the victim's enduring harm. In fact, Mr. Truitt has been seeking a resolution for some time, however, due to the co-defendant's delays, he has had to withhold entering a plea until recently. In this sentencing memorandum, Truitt asks the Court to consider the entire record, including his guilty plea, acceptance of responsibility, remorse, traumatic childhood, mental-health and substance-abuse history, honorable military service, employment record, treatment needs, and potential for rehabilitation in imposing a reasonable sentence. Finally, Mr. Truitt is requesting the court to sentence him to serve at the Residential Sex Offender Treatment Program at FMC Devens, Massachusetts.

**1. Procedural Posture and Sentencing Framework**

On February 9, 2026, Mr. Truitt pleaded guilty to Count 1, charging sexual exploitation of a minor, attempt and conspiracy, in violation of 18 U.S.C. §§ 2251(a) and (e), and Count 5, charging a registered sex offender with committing a felony offense involving a minor, in violation of 18 U.S.C. § 2260A. (ECW, Doc. 93, PSR, ⁋ 1, pg.4) Count 1 carries a mandatory minimum term of 25 years and a maximum term of 50 years. Count 5 requires a 10-year term of imprisonment that must run consecutively to the sentence imposed on Count 1. (ECW, Doc.93, ⁋⁋ 102–103 pg. 22)

The Presentence Investigation Report calculates a Total Offense Level of 39 and Criminal History Category V, resulting in an advisory range of 360 to 600 months on Count 1, followed by 120 months consecutively on Count 5. (ECW, Doc. 93, PSR, ⁋⁋ 49, 61, 104–105, Pgs. 14, 17, 22) Probation recommends 480 months on Count 1 and 120 consecutive months on Count 5, for an aggregate term of 600 months. (ECW, Doc.93, PSR, Sentencing Recommendation, Pg. 29)

The advisory range is an important consideration, but the ultimate sentence must reflect the individualized assessment required by 18 U.S.C. § 3553(a). Here, that assessment supports a downward variance to the statutory minimum on each count.

## II. ROY TRUITT ASKS THIS COURT TO IMPOSE A SENTENCE THAT IS SUFFICIENT, BUT NOT GREATER THAN NECESSARY, TO COMPLY WITH THE OBJECTIVES SET FORTH IN 18 USC §3553(A)

The analysis below addresses the specific statutory factors which must be considered within § 3553(a)'s overarching requirement that the sentence be sufficient, but not greater than necessary.

**1. Nature and Circumstances of the Case — 18 U.S.C. § 3553(a)(1), (2)(A)**

Roy Truitt acknowledges the severity of his conduct. The victim was approximately eight years old when the sexually explicit photographs were produced, and Mr. Truitt received multiple photographs from the victim's mother. The recovered communications included graphic sexual statements concerning the victim, requests for additional images, and discussions of sexually abusing her. (ECW, Doc. 93, ⁋⁋ 15–17, pgs. 6–11) Mr. Truitt also understands the harm suffered by the victim is central to the Court's sentencing decision. The victim clearly outlines the anguish she has suffered over the years because of both defendants' actions and has submitted an impact statement outlining such. (ECW Doc. 93, Victim Impact Statement) The family also submitted an estimate of $65,000 for seven years of weekly individual therapy and one year of weekly family therapy. (ECW, Doc. 93, PSR, River Sage Revival Professional Service Estimate)

No sentence can undo the harm the victim outlines in her statement. The question before the Court is not whether severe punishment is warranted; it plainly is. The question is whether an additional 15 years beyond the mandatory 35-year term is necessary. Considering the minimum length of sentence, Mr. Truitt's age, the treatment available during incarceration, and the controls available through lifetime supervision, it is not. See 18 U.S.C. § 3553(a)(2)(A)–(D).

///

///

**2. Acceptance of Responsibility and Remorse — 18 U.S.C. § 3553(a)(1), (2)(A)–(B)**

During his presentence interview, Mr. Truitt accepted responsibility for the conduct described in the plea agreement, acknowledged that he knew the consequences of his actions, and stated, “I did it.” He also said that he felt “terrible” and “awful” about the offense. (ECW, Doc. 93, PSR ⁋⁋ 28–30, pg.13)

The Presentence Investigation Report adjusted a three-level reduction for acceptance of responsibility, including the additional reduction for timely notifying authorities of his intention to plead guilty. His plea spared the need for a trial and constitutes an important first step toward accountability and treatment. In that regard, when asked by USPO Ross Micheli if there were any changes he would like to make in his life, he stated he would like “to become a better human than I am now.” (ECW, Doc. 93, PSR ⁋ 30, Pg. 13)

Mr. Truitt recognizes that he will spend most of his life in prison and will miss much of what remains of his life outside custody. (ECW, Doc. 93, PSR ⁋ 74, Pg. 19) Neither his remorse nor recognition of his conduct does not excuse his conduct, but it demonstrates that the mandatory sentences will carry a profound punitive force.

**3. Childhood Trauma and Mental-Health Needs — 18 U.S.C. § 3553(a)(1), (2)(D)**

Mr. Truitt reported that his mother was incarcerated for much of his childhood and that he felt abandoned when she moved away after her release. He also reported that his father drank heavily, belittled the children while intoxicated, and had physical confrontations with him during childhood. (ECW, Doc. 93, PSR, ⁋⁋ 68–70, Pgs.18–19)

Most significantly, Mr. Truitt reported that a stepcousin sexually abused him beginning when he was seven or eight years old and continuing until junior high school. He did not disclose the abuse at the time, even after his grandfather interrupted one incident, but later discussed it as an adult with family members and a therapist. (ECW, Doc. 93, PSR, 70, Pg.19) This history

neither excuses the offense nor diminishes the victim's suffering. It does, however, provide context for Mr. Truitt's development and underscores the need for sustained, specialized treatment. Mr. Truitt also reported that he was diagnosed with bipolar disorder and depression in 2018, although the Presentence Investigation Report notes that formal diagnostic testing was not identified. He is prescribed Wellbutrin, Trazodone, and Benadryl while at the Lerdo County jail facility.

Mr. Truitt experienced suicidal ideation as a teenager and again in 2020, when he admitted himself to Kern Behavioral Health Hospital for 14 days. He currently receives periodic mental-health care, uses therapy to cope with stressors, intends to continue treatment, and previously began addressing what he believes to be a sex addiction. (ECW, Doc. 93, PSR, ⁋⁋ 78–79, Pg. 20)

These circumstances support a sentence that prioritizes long-term sex-offender and mental-health treatment within the Bureau of Prisons, followed by intensive treatment and monitoring during supervised release. See 18 U.S.C. § 3553(a)(2)(D).

**4. Military Service, Employment, and Rehabilitative Potential — 18 U.S.C. § 3553(a)(1), (2)(D)**

Mr. Truitt served in the United States Marine Corps from October 2003 through August 2011 and received an honorable discharge, a Navy Commendation, and a Sea Service award, with no reported disciplinary actions. He served as a radio operator, spent four years on active duty and four years in inactive status, was stationed in Okinawa for two years, and attained the rank of Sergeant. (ECW, Doc. 93, PSR, ¶ 94,95, Pgs. 21, 22)

Mr. Truitt graduated from high school, attended community college, and maintained a substantial employment history, including more than ten years as a waiter and additional work as a cook and delivery driver. He was employed when arrested.

While in custody, Mr. Truitt reported completing tablet-based educational courses,

including the Freedom Fight program. He identified goals of completing available programming, pursuing a bachelor's degree in mathematics, improving his decision-making, and becoming a better person. These goals, together with his service and work history, demonstrate an ability to function responsibly when supported by structure, accountability, and treatment.

### 5. Substance-Abuse History and Treatment — 18 U.S.C. § 3553(a)(1), (2)(D)

Mr. Truitt began using alcohol and marijuana at approximately age 15 and later drank alcohol daily, describing its effect on his life as "damning" because it contributed to lost employment and the loss of a vehicle. He reported discontinuing alcohol use in 2018 but continuing daily marijuana use until his arrest. (ECW, Doc. 93, PSR, ¶¶ 81, 83 Pg. 20) Mr. Truitt also participated in alcohol treatment through the S.T.E.P.S. program in 2015 and through a Veterans Affairs clinic in 2018. (ECW, Doc. 93, PSR, ¶ 84, Pg. 20) His history warrants additional substance-abuse programming during incarceration, not additional years beyond an already extraordinary 35-year sentence.

### 6. The Requested Sentence Adequately Protects the Public — 18 U.S.C. § 3553(a)(2)(B)–(D)

Public protection is a substantial concern given the offense conduct and prior contact offense. But a 420-month sentence is not lenient. It is the statutory minimum because Congress has already required exceptionally severe punishment for these offenses.

Mr. Truitt was born on August 8, 1982, and was 44 years old when the Presentence Investigation Report was prepared. A 35-year sentence will confine him into advanced age. An approximate calculation of 85% of 35 years places one at 29.75 months. If this is the case, Mr. Truitt will be eligible for release at the age of 74 years. During that period, sex-offender treatment, mental-health treatment, substance-abuse programming, and institutional monitoring will address the risks reflected in this case.

Upon release, lifetime supervision can provide additional safeguards. Probation

recommends lifetime supervised release with conditions that include sex-offender and mental-health treatment, restrictions on contact with minors, restrictions and monitoring concerning computers and internet-capable devices, periodic polygraph examinations, residence approval, searches, and restrictions on entering locations primarily used by children. (ECW, Doc. 93, PSR, Special Conditions, Pg. 32)

Those controls recommended under special conditions are substantial. A 35-year prison term followed by lifetime supervised release and appropriate special conditions will incapacitate Mr. Truitt for decades and permit close monitoring, treatment, and intervention for the remainder of his life. See, 18 U.S.C. § 3553(a)(2)(B)–(C).

**7. Restitution and Financial Consequences — 18 U.S.C. § 3553(a)(7)**

The Presentence Investigation Report states that restitution of $65,000 is mandatory and recommends that it be imposed jointly and severally with codefendant Amber Louise Lowe. Mr. Truitt agreed that restitution applies and agreed to pay restitution to the victim. He remains willing to pay restitution through institutional earnings and any lawful income available during supervision. See 18 U.S.C. § 3553(a)(7).

Mr. Truitt has no known assets or current income and has minimal outstanding debt. The Presentence Investigation Report concludes that his future employment prospects will be limited because of his age, the length of incarceration, and the nature of the conviction, and that he lacks the ability to pay a fine. The parties also agreed that a fine is inappropriate. The Court should therefore waive any fine so that available resources may be directed toward restitution.

## II. THE STATUTORY MINIMUM IS SUFFICIENT BUT NOT GREATER THAN NECESSARY

**1. Requested Sentence and Recommendations — 18 U.S.C. § 3553(a)(2)(A)–(D), (3)**

The requested 420-month sentence reflects the seriousness of the offense, promotes

respect for the law, provides just punishment, affords powerful general and specific deterrence, protects the public through decades of incapacitation, and allows Mr. Truitt to receive needed correctional treatment. A 600-month sentence would add 15 years to an already extraordinary punishment. The record does not establish that those additional years are necessary when the Court can impose the statutory minimum together with lifetime supervised release, intensive sex-offender and mental-health treatment, substance-abuse programming, electronic restrictions and monitoring, limitations on contact with minors, and other appropriate conditions. The requested sentence also preserves accountability to the victim through mandatory restitution. It recognizes the magnitude of the harm while honoring the principle that punishment should be individualized and no greater than necessary.

Mr. Truitt respectfully requests that the Court impose 300 months on Count 1 and 120 months consecutively on Count 5, for an aggregate term of 420 months. Mr. Truitt further requests that the Court recommend placement at an appropriate Bureau of Prisons institution in California, insofar as consistent with security classification and space availability.

Mr. Truitt requests recommendations for participation in sex-offender treatment, mental-health treatment, and available substance-abuse programming during incarceration.

Mr. Truitt requests that the Court waive a fine in favor of his restitution obligation and impose lifetime supervised release with appropriate conditions tailored to treatment, monitoring, public protection, and successful reentry.

## CONCLUSION

For the foregoing reasons, Roy Richard Truitt III respectfully asks the Court to impose the lowest lawful sentence: 300 months on Count 1, followed by 120 months consecutively on Count 5, for an aggregate term of 420 months, together with lifetime supervised release, appropriate treatment and monitoring conditions, restitution, and no fine.

Dated: November 10, 2026

Respectfully Submitted,

***/s/ David A. Torres***

David A. Torres
Attorney for Roy Richard Truitt